UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NICOLE YOUNT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, LLC, a Delaware limited liability company doing business as OFFICE DEPOT; THE OFFICE CLUB, LLC, a Delaware limited liability company doing business as OFFICE DEPOT; and DOES 1-20,<br><br>Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>28 U.S.C. §§ 1332, 1441, 1446 |

**TO:**     **Clerk of the Court;**

**AND TO:**     **Nicole Yount, Plaintiff;**

**AND TO:**     **Timothy W. Emery, Patrick B. Reddy, and Paul Cipriani, Plaintiff's attorneys of record:**

PLEASE TAKE NOTICE that Defendants Office Depot, LLC and The Office Club, LLC ("Defendants"), by this Notice, now affect, the removal of the state action described below from the Superior Court of the State of Washington in and for the County of King to the United States District Court for the Western District of Washington at Seattle. This removal is based upon complete diversity of citizenship of the parties, *see* 28 U.S.C. §§ 1332(a) and 1441, or alternatively

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT

LITTLER MENDELSON P.C.
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122
206.623.3300

under the Class Action Fairness Act ("CAFA"), *see* 28 U.S.C. §§ 1332(d) and 1441, and is timely under 28 U.S.C. § 1446.

In support of their Notice of Removal, Defendants assert the following:

## **PLEADINGS**

1. On February 16, 2024, Plaintiff initiated a civil action in King County Superior Court by filing a copy of the Summons and Complaint with that Court. The Complaint set forth one cause of action against Defendants, premised on Defendants' alleged use of job postings that do not include the wage scales or salary ranges to be offered to hired applicants. The Complaint is styled as a class action and asserts allegations on behalf of a putative class under Washington Civil Rule 23. A true and correct copy of the Complaint ("Complaint") is attached as **Exhibit ("Ex.") 1**. A true and correct copy of the Summons is attached as **Ex. 2**. A true and correct copy of the Case Information Cover Sheet and Area Designation is attached as **Ex. 3**.

2. On February 16, 2024, the King County Superior Court issued an Order Setting Civil Case Schedule. A true and correct copy of the same is attached as **Ex. 4**.

3. On February 21, 2024, Plaintiff's counsel emailed copies of the Summons, Complaint, Case Information Cover Sheet, and Order Setting Case Schedule to counsel for Defendants. On February 22, 2024, counsel for Defendants executed an Acceptance of Service to effect service of the Summons and Complaint in this action and sent it to Plaintiff's counsel. A true and correct copy of the same is attached as **Ex. 5**.

4. Defendants appeared through their counsel in the action in King County Superior Court on March 13, 2024. A true and correct copy of Defense Counsel's Notice of Appearance is attached as **Ex. 6**.

5. Defendants filed their Answer to the Complaint on March 13, 2024. A true and correct copy of Defendants' Answer is attached as **Ex. 7**.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 2

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

6. By signing this Notice of Removal, counsel for Defendants verify that the above-described items attached hereto are true and complete copies of the records and proceedings that Defendants have received in the state court proceeding.

7. Office Depot, LLC and The Office Club, LLC are the only named Defendants, are represented by the undersigned counsel, and consent to removal.

**TIMELINESS OF REMOVAL**

8. The Notice of Removal is timely when it is made within 30 days of receipt of a copy of the pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b).

9. On February 21, 2024, Plaintiff's counsel emailed a copy of the Summons and Complaint to counsel for Defendants to effect service in this action. Accordingly, this Notice of Removal has been filed within 30 days of commencement of the action in state court as required by 28 U.S.C. §1446(b) and is therefore timely. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

**DIVERSITY OF CITIZENSHIP**

10. This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a), and this action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a). Removal of this action is appropriate based on diversity of citizenship because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *Id.* § 1332(a)(1). As set forth below, this case meets all of the requirements for removal and is properly removed by the filing of this Notice.

11. <u>Citizenship of Plaintiff</u>. For diversity purposes, an individual is a "citizen" of the State in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is their permanent home, where that person resides with the intention to remain or to which that person intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff alleges that at all relevant times to the allegations set forth

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 3

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

in the Complaint, she was a resident of King County, Washington. Complaint at ¶ 8. Plaintiff submitted an application to Defendants with an address in King County, Washington and was applying to work in King County, Washington. Bryan Decl., ¶ 2. Plaintiff's own representations establish her domicile in Washington State.

12. <u>Citizenship of Defendants</u>. At the time this action was commenced, and at the time of removal, Defendants were not, and are not, citizens of Washington.[1]

13. For the purposes of assessing diversity jurisdiction, a limited liability company is a citizen of every state in which its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

14. The Office Club, LLC is a limited liability company organized under the laws of Delaware whose sole member is Office Depot, LLC. Bryan Decl., ¶ 3.

15. Office Depot, LLC is a limited liability company organized under the laws of Delaware whose sole member is ODP Investment, LLC. *Id.* at ¶ 4.

16. ODP Investment, LLC is a limited liability company organized under the laws of Delaware whose sole member is OfficeMax, LLC. *Id*. at ¶ 5.

17. OfficeMax, LLC is limited liability company organized under the laws of North Carolina whose sole member is Mapleby Holdings Merger Corporation. *Id*. at ¶ 6.

18. Mapleby Holdings Merger Corporation is incorporated in Delaware and maintains its corporate headquarters and principal place of business in Florida. *Id.* at ¶ 7. Mapleby Holdings Merger Corporation is a wholly owned subsidiary of The ODP Corporation. *Id*.

19. The ODP Corporation is incorporated in Delaware, maintains its corporate headquarters and principal place of business in Florida, and is a publicly traded corporation. *Id.* at ¶ 8.

20. Each of the limited liability companies listed in Paragraphs 14 through 17 above also maintain their headquarters and principal places of business in Florida. *Id.* at ¶ 9.

---

[1] Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of "Does 1-20" can be disregarded.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 4

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

21. For purposes of diversity, a corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. *Johnson*, 437 F.3d at 899. A corporation's "principal place of business" "refers to the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). A corporation may only have a singular "principal place of business," *id*. at 93, which is the corporation's "nerve center." *Id*. at 81. "[I]n practice [this] should normally be the place where the corporation maintains its headquarters." *Id*. at 93.

22. Accordingly, for purposes of diversity of citizenship, Defendants are citizens of Delaware and Florida, not citizens of Washington. *Johnson*, 437 F.3d at 899.

23. Consequently, there is complete diversity of citizenship between Plaintiff Yount and Defendants Office Depot, LLC and The Office Club, LLC. *See* 28 U.S.C. § 1332(a)(1).

24. <u>Amount in Controversy</u>. For purposes of removal, the amount in controversy exceeds $75,000, as set forth below.

**CAFA JURISDICTION**

25. Alternatively, this Court has jurisdiction over this action pursuant to CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state rule; (b) in which the putative class contains one hundred or more members; (c) in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, with certain limitations that apply where one or more defendants is a citizen of the state in which the action was filed; and (d) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d). CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446. As set forth below, this case meets all of CAFA's requirements for removal and is properly removed by the filing of this Notice.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 5

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

26. <u>Class Action Filed under State Law</u>. Plaintiff initiated a civil action in King County Superior Court asserting class action allegations under Washington Civil Rule 23. *See* Complaint at ¶¶ 22-29.

27. <u>Putative Class Size</u>. 28 U.S.C. § 1332(d)(5)(B) states that the provisions of CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." In her Complaint, Plaintiff defines the class as: "All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in Washington State with one or more of the Defendants, where the job posting did not disclose the wage scale or salary range for the position." Complaint at ¶ 22. By Plaintiff's own estimation, "[t]here are potentially hundreds of individuals who applied for jobs with Defendants within the time period relevant to this matter." Complaint at ¶ 24. Defendants agree there were at least 100 individuals who submitted job applications in Washington State during the relevant time period. Bryan Decl. ¶ 10. Thus, the alleged class, as identified by Plaintiff, exceeds 100 individuals as required by CAFA. 28 U.S.C. § 1332(d)(5)(B).

28. <u>Minimum Diversity</u>. CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A), 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states. Defendants are citizens of Delaware and Florida. *See* Paragraph 22 above. Plaintiff Nicole Yount is a citizen of Washington. *See* Paragraph 11 above.

29. <u>Diversity Exclusions</u>. There are certain situations where a district court is permitted or required to decline to exercise jurisdiction under CAFA. In all such situations enumerated in the statute, one or more of the defendants are citizens of the state in which the action was originally filed. 28 U.S.C. §§ 1332(d)(3), 1332(d)(4)(A)(i)(II)(cc), 1332(d)(4)(B). As discussed above, none of the Defendants in this action are citizens of Washington. *See* Paragraph 22 above.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 6

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

30. <u>Governmental Exclusion</u>.  Under 28 U.S.C. § 1332(d)(5)(A), CAFA does not apply to class actions where "the primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."  Defendants are companies, not a state, state official, or other governmental entity exempt from CAFA.

31. <u>Amount in Controversy</u>.  For purposes of removal, the amount in controversy exceeds $5,000,000, as set forth below.

**AMOUNT IN CONTROVERSY**

32. The "plaintiff's complaint" is a court's "first source of reference in determining the amount in controversy." *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Where the plaintiff pleads that the amount in controversy is less than the jurisdictional minimum (as here), *see* Complaint at ¶ 7, a defendant seeking removal of a putative class action must demonstrate, by a preponderance of the evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum, which is the same standard as when the plaintiff does not plead any amount in controversy. *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013).  The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a court or jury might later determine to be the actual amount of damages, if any. *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability.") (citation omitted).  *See also St. Paul Mercury*, 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in the case of a removal"); *Chavez v. JP Morgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018) (the amount in controversy for purposes of general diversity removal "encompasses all relief a court may grant on that complaint if the plaintiff is victorious").

33. <u>Plaintiff's Class Definition</u>.  Plaintiff seeks damages on behalf of a putative class of "[a]ll individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in Washington State with one or more of the Defendants, where the job

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 7

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

posting did not disclose the wage scale or salary range for the position." Complaint at ¶ 22. Notably, while Plaintiff's Complaint asserts satisfaction of the numerosity requirement of Rule 23, Plaintiff describes the putative class as "individuals who applied for jobs with Defendants within the time period relevant to this matter," without any qualifier about the job postings to which they applied. *See id.* at ¶ 24. Regardless, Defendants are not required to "concede liability for the entire amount." *Lewis*, 627 F.3d at 400. Indeed, Defendants dispute that class certification is appropriate for any group and dispute that Plaintiff and putative class members are entitled to any damages. For purposes of establishing the amount in controversy for removal, however, Defendants may rely on the broader putative class definition of all individuals who applied for a job opening in Washington State. Whether the job postings they applied to disclosed the wage scale or salary range is irrelevant for this determination. *See Lewis*, 627 F.3d at 399-400 (holding that the defendant's evidence of the total billings, without distinguishing between "authorized" and "unauthorized" charges, was sufficient for removal even where the plaintiff sought to represent a more limited putative class of individuals who were billed for "unauthorized" charges); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922-23, 927 (9th Cir. 2019) (relying on defendant's data about all non-exempt employees despite complaint's limiting of putative class to those "who were subjected to individual wage and hour violations," and vacating district court's remand to state court). *See also, e.g., Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1202, 1206 (E.D. Cal. 2008) (denying remand under CAFA because complaint alleged that defendant was liable for up to $1,000 per violation and Defendant proffered evidence that it had processed more than 5,000 total credit card transactions, even though the putative class was defined more narrowly to include only persons whose personal information had been recorded or who used a particular type of credit card transaction form).

34. <u>Relief Sought by Plaintiff</u>. Plaintiff's Complaint seeks statutory damages equal to five thousand dollars for Plaintiff's and the putative class members' actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1). Complaint at ¶ 36.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 8

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

Plaintiff also seeks costs and reasonable attorneys' fees, pursuant to RCW 49.58.070(1), and pre- and post-judgment interest. Complaint at ¶¶ 37, 40.

35. <u>Statutory Damages</u>. For purposes of removal, Defendants have submitted evidence that more than 3,700 individuals applied for a job opening in the State of Washington from January 1, 2023 to November 1, 2023. Bryan Decl. at ¶ 10. Based on Plaintiff's Complaint seeking five thousand dollars for Plaintiff and each putative class member, the potential statutory damages alone exceed the amount in controversy requirement under CAFA (3,700 multiplied by $5,000 is equal to $18.5 million). The potential statutory damages for Plaintiff's individual claims would be $5,000.

36. <u>Attorneys' Fees</u>. It is well-settled that for purposes of the amount in controversy requirement, "where an underlying statute authorizes an award of attorneys' fees . . . such fees may be included in the amount in controversy." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007). Further, a reasonable estimate of future attorneys' fees should be included in the amount in controversy analysis. *See e.g., Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794-795 (9th Cir. 2018) (if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy, and district courts may estimate such fees based on their own knowledge and experience); *Arias*, 936 F.3d at 927-28 (reaffirming *Fritsch*). If this case was litigated to conclusion, Plaintiff's attorneys' fees would exceed $72,500. Courts have recognized that even in single-plaintiff employment lawsuits, 100 hours is "an appropriate and conservative estimate" of the number of attorney hours expended through trial. *Adkins v. J.B. Hunt Transport, Inc.*, 293 F. Supp. 3d 1140, 1148 (E.D. Cal. 2018) (quotations and citation omitted). Plaintiff's attorney has recently submitted a declaration stating his hourly rate of $725 per hour. Declaration of Breanne Martell, Ex. 1. Therefore, the attorneys' fees at issue are at least $72,500 (100 hours multiplied by $725 per hour).

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 9

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

37. Accordingly, when adding the potential statutory damages and future attorneys' fees for Plaintiff, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000 for diversity jurisdiction. Similarly, the amount in controversy in this action exceeds the jurisdictional minimum of $5,000,000 for jurisdiction under CAFA.

**VENUE**

38. Venue is proper (for purposes of removal) in the Western District of Western Washington at Seattle. Venue is proper (for purposes of removal) in this District because this is the court for the district encompassing the place where this action is currently pending. 28 U.S.C. § 1441(a). Venue is proper in Seattle (for purposes of removal) because the action is pending in King County. *See* Western District of Washington Local Civil Rule 3(e)(1).

**SUFFICIENT CONSENT**

39. Defendants are not required to investigate the identity of the unnamed defendants nor to obtain their consent for removal. *See* 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998). In any event, no Doe defendants have been served. Defendants are not required to obtain consent to remove from defendants who have not been served. *See Salveson v. W. States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984), superseded by statute on other grounds as stated in *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988). Therefore, Defendants have sufficient consent to remove the State Court Action.

**NOTICE TO PLAINTIFF AND STATE COURT**

40. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers were or will be served promptly on Plaintiff's counsel and filed with the Clerk of the King County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been or will be followed and satisfied.

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 10

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington  98101.3122

**RESERVATION OF RIGHTS**

41.     In the event this Court should be inclined to remand this action, Defendants request that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing and argument prior to any possible remand.

42.     Nothing in this Notice of Removal is intended to waive any defense, nor does it waive any defense, including but not limited to defenses stated in Federal Rule of Civil Procedure 12(b), defenses to class certification, defenses on the merits, and defenses to claims for potential damages by Plaintiff or any other individual.

WHEREFORE, Defendants respectfully request that this action now pending in the King County Superior Court, State of Washington, be removed to the United States District Court for the Western District of Washington at Seattle.

Dated: March 22, 2024

/s/ Breanne Martell
Breanne Martell, WSBA #39632
bsmartell@littler.com

/s/ Derek Bishop
Derek Bishop, WSBA #39363
debishop@littler.com

/s/ Rebecca Schach
Rebecca Schach, WSBA #58018
rschach@littler.com
LITTLER MENDELSON, P.C.

*Attorneys for Defendants*
OFFICE DEPOT, LLC and THE OFFICE DEPOT CLUB, LLC

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 11

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122

# CERTIFICATE OF SERVICE

I am a resident of the State of Washington, over the age of eighteen years, and not a party to the within action. My business address is One Union Square, 600 University Street, Ste. 3200, Seattle, WA 98101. I hereby certify that on March 22, 2024, I electronically filed the foregoing document titled **DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF system participants:

**Plaintiffs' Counsel**
Timothy W. Emery, WSBA No. 34078
Patrick B. Reddy, WSBA No. 34092
Paul Cipriani, WSBA No. 59991
Emery Reddy, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106
Fax: (206) 441-9711
Email: emeryt@emeryreddy.com
Email: reddyp@emeryreddy.com
Email: paul@emeryreddy.com

I declare under the penalty of perjury under the laws of the State of Washington that the above is true and correct. Executed on March 22, 2024, at Seattle, Washington.

*/s/ Katie Angelikis*
Katie Angelikis, Legal Assistant
kangelikis@littler.com
**LITTLER MENDELSON, P.C**

4854-5606-1849.8 / 063095-1864

DEFENDANTS' NOTICE OF REMOVAL TO FEDERAL COURT - 12

LITTLER MENDELSON P.C.
Attorneys at Law
One Union Square
600 University Street
Suite 3200
Seattle, Washington 98101.3122